# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANN DAVIS, on behalf of themselves and all others similarly situated, | : CIVIL DIVISION :
: ELECTRONICALLY FILED |
| Plaintiff, | : 
: Case No.: |
| v. | : 
: CLASS ACTION COMPLAINT |
| MIDLAND FUNDING, LLC, | : 
: |
| Defendant. | : 
: |

Filed on Behalf of Plaintiff:
Ann Davis

Counsel of Record for This Party:

**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA  15206

Telephone:   (412) 545-3015
Fax No.:       (412) 540-3399
E-mail:         jward@fentersward.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANN DAVIS, on behalf of themselves and all others similarly situated, : | CIVIL DIVISION |
| : | |
| : | ELECTRONICALLY FILED |
| **Plaintiff,** : | |
| : | Case No.: |
| v. : | |
| : | CLASS ACTION COMPLAINT |
| MIDLAND FUNDING, LLC, : | |
| : | |
| **Defendant.** : | |
| : | |

**CLASS ACTION COMPLAINT IN CIVIL ACTION**

AND NOW, comes Plaintiff, Ann Davis, by and through the undersigned counsel, The Law Firm of Fenters Ward and, specifically, Joshua P. Ward, Esquire, who files the within Class Action Complaint in Civil Action against Defendant, Midland Funding, LLC, of which the following is a statement:

**PARTIES**

1. Plaintiff, Ann Davis (hereinafter "Ann Davis"), is an adult individual who currently resides at 1595 Axmann Road, Bellefonte, Pennsylvania 16823.

2. Defendant, Midland Funding, LLC, (hereinafter "Midland Funding"), is a corporation with its principal place of business located 350 Camino De La Reina, San Diego, California 92108.

**JURISDICTION AND VENUE**

3. Jurisdiction is proper as Plaintiff bring this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* (hereinafter, the "FDCPA").

1

4.     Venue is proper pursuant to Fed. R. Civ. P. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## ALLEGATIONS OF FACT

### A. False Misrepresentations and Deceptive Conduct Directed Towards Plaintiff Ann Davis Including the Exposure of Confidential Information

5.     On or about October 28, 2019, Midland Funding filed a complaint in Civil Action, contemporaneous with supporting exhibits, in the Court of Common Pleas of Centre County at Docket Number 19-3895. A true and correct copy of complaint is attached hereto, made a part hereof, and marked as Exhibit "A".

6.     In response to the aforesaid lawsuit, Ann Davis engaged The Law Firm of Fenters Ward for representation.

7.     On December 16, 2019, The Law Firm of Fenters Ward served Midland Funding with a letter, (hereinafter, the "First Dispute Letter") wherein Midland Funding was informed of the disputed nature regarding the alleged debt and that Ann Davis was represented by counsel.

8.     Within the complaint, Midland Funding affirmatively certified compliance "with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents." See Exhibit "A".

9.     Beneath this certification of compliance paragraph is a signature block containing the signature of Daniel J. Santucci, Esquire, Counsel for Midland Funding. See Exhibit "A".

10.    The language of this compliance paragraph refers to the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania 204 Pa. Code § 213.81 which mandates the protection of identified confidential documentation and information. Section 204 Pa. Code. § 213.81.

11. 204 Pa. Code § 213.81 Section 8(A) states "the following documents are confidential and shall be filed with a court or custodian under a cover sheet designated 'Confidential Document Form': 1. Financial Source Documents." *Id*.

12. 204 Pa. Code. § 213.81 Section 1(J) defines "financial source documents" to include "credit card statements;" "financial institution statements;" and "loan application documents." *Id*.

13. Furthermore, 204 Pa. Code § 213.81 states that "parties and their attorneys shall be solely responsible for complying with the provisions of this section." *Id*.

14. The exhibits attached to the complaint filed in the aforesaid Court of Common Pleas of Centre County case contain credit card statements delineating the accrual of an alleged debt attributed to Ann Davis. See Exhibit "A".

15. The exhibits attached to the complaint therefore qualify as financial source documents necessitating the inclusion of a Confidential Document Form. 204 Pa. Code § 213.81.

16. These abovementioned credit card statements are capable of identifying Ann Davis as an alleged debtor.

17. Midland Funding failed to include a Confidential Document Form anywhere in the complaint or its respective filing necessary to prevent the release of these financial source documents. See Exhibit "A".

18. Therefore, Midland Funding failed to comply with 204 Pa. Code § 213.81.

19. The signature of Daniel J. Santucci, counsel for Midland Funding, falsely indicated compliance with the abovementioned statute and thereby constituted a false, deceptive, and fraudulent representation in the attempted collection of any debt in violation of 15 U.S.C § 1692e(10).

3

20. Furthermore, Midland Funding disclosed information capable of identifying Ann Davis as an alleged debtor. See Exhibit "A".

21. The Third Circuit has found that information capable of identifying an individual as a debtor constitutes impermissible language or symbols sufficient for liability under 15 U.S.C § 1692f(8) of the FDCPA. See *Douglass v. Convergent Collections*, 765 F.3d 299 (3d. Cir. 2014).

22. By disclosing information capable of identifying Ann Davis as an alleged debtor, Midland Funding further violated 15 U.S.C § 1692f(8).

23. Upon releasing confidential information, by making it available to public access through electronic or in-person means, associated with Ann Davis, Midland Funding utilized unfair and unconscionable means in connection with the collection of any debt and thereby violated 15 U.S.C § 1692f of the FDCPA.

## CLASS ALLEGATIONS

24. Plaintiff brings these claims on behalf of the following class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

> The Class consists of all individuals to whom Defendant utilized "Financial Source Documentation" as defined within 213 Pa. Code 203.81 as exhibits to its pleadings whereupon Defendant failed to employ the proper redaction or protection methods to shield access, both physical and electronic, to said Financial Source Documentation thereby exposing the information contained therein to the public and whereupon Defendant falsely certified compliance with 213 Pa. Code 203.81 indicating that Defendant had employed proper redaction methods.

25. Excluded from the class is Defendant Midland Funding, as well as their past and present officers, employees, agents or affiliates, any judge who presides over this action, and any attorneys who enter their appearance in this action.

26. Plaintiff reserves the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

27. Questions of law and fact common to the Plaintiff class, predominate over any issues involving only individual class members. The primary issues concern: Defendant's affirmative false certification of compliance with 203 Pa. Code 213.81 and whether said affirmative and false certification constituted the employment of false and misleading representations in violation of 15 U.S.C. § 1692e(10) of the FDCPA; Defendant's use and employment of confidential information associated with Plaintiff and whether said use and employment constituted the use of impermissible symbols of 15 U.S.C. § 1692f(8) of the FDCPA: Defendant's exposure of Plaintiff' confidential information and whether said exposure constituted the use of unfair and unconscionable means in violation of 15 U.S.C. § 1692f of the FDCPA.

28. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 1702 of Pennsylvania Civil Procedure because of a well-defined public interest in this litigation:

29. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** Upon information and belief, the members of Class are so numerous that individual joinder of all class members is impracticable because there are hundreds and/or thousands of persons where Defendant has falsely certified compliance with 213 Pa. Code 203.81 despite failing to redact and protect class member's confidential information thereby exposing it to the public.

30. The identities of all class members are readily ascertainable from the records of Defendant and those individual to whom Defendant has instigated litigation against within the

Commonwealth of Pennsylvania. Further, the identities of all class members are readily ascertainable from the pleadings Defendant has filed containing confidential information in the form of Financial Source Documents, as defined by 213 Pa. Code. 203.81, which lack the employment of redaction and protection measures necessary to shield the confidential information contained therein.

31. **Commonality – Federal Rule of Civil Procedure 23(a)(2).** This action involves questions of law and fact that are common to the class members. Such common questions include, but are not limited to:

   a. Whether Defendant's false certification of compliance with 203 Pa. Code 213.81 constituted the employment of a false and misleading representation in connection with the collection of any debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

   b. Whether Defendant's use and exposure of Plaintiff's confidential information constituted the use of impermissible symbols in violation of 15 U.S.C. § 1692f(8) of the FDCPA.

   a. Whether Defendant's exposure of Plaintiff's confidential information constituted the use of unfair and unconscionable means in violation of 15 U.S.C. § 1692f of the FDCPA;

   c. Whether Plaintiff and the Class are entitled to relief in the forms, including but not limited to, declaratory or injunctive in nature.

32. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other class members' claims because, among other things, all class members were

comparably injured. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

33. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because their interests do not conflict with the interests of the other class members Plaintiff seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; Plaintiff intends to prosecute this action vigorously; and Plaintiff's counsel has adequate financial means to vigorously pursue this action and ensure the interests of the classes will not be harmed. Furthermore, the interests of the class members will be fairly and adequately protected and represented by Plaintiff and Plaintiff's counsel.

**COUNT I**
**VIOLATIONS OF THE FDCPA**
**15 U.S.C §§ 1692, 1692e, 1692e(8), & 1692(d)**

34. Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

35. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C 1692(a).

36. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C § 1692(e).

37. Furthermore, the FDCPA prohibits debt collectors from utilizing "false, deceptive, or misleading representation or means in connection with the collection of any debt" 15 U.S.C § 1692e.

38. Ann Davis is a "consumer" as defined § 1692a(3) of the FDCPA.

39. Midland Funding is a "debt collector" as defined by § 1692a(6) of the FDCPA.

40. Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes. "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C § 1692a(5).

41. The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

42. Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C § 1692e of the FDCPA.

43. On or about October 28, 2020, Midland Funding filed its complaint with accompanying exhibits in the abovementioned Court of Common Pleas of Centre County. See Exhibit "A".

44. Within this complaint, Midland Funding affirmatively certified compliance "with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents." See Exhibit "A".

45. Beneath this certification of compliance paragraph is a signature block containing the signature of Daniel J. Santucci, Esquire, counsel for Midland Funding. See Exhibit "A".

46. The language of these compliance paragraphs refers to the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania 204 Pa. Code § 213.81.

47. Attached as exhibits to the complaint are numerous financial source documents in the form of credit card statements pertaining to an alleged debt. See Exhibit "A".

48. Lacking from this complaint, its filing, and the respective dockets is any semblance of the mandated Confidential Document Form necessary to shield the disclosure of financial source documents from public access in accordance with 204 Pa. Code § 213.81. See Exhibit "A".

49. Lacking from the specific complaints and exhibits in question are the Confidential Document Forms, necessary to shield the disclosure of confidential information of this type. See Exhibit "A".

50. By willfully disclosing and publishing these statutorily protected materials, Midland Funding failed to comply with 204 Pa. Code § 213.81.

51. Midland Funding therefore falsely and fraudulently certified compliance with 204 Pa. Code § 213.81 upon signing beneath the compliance clauses contained within the complaints.

52. Furthermore, the signature of Daniel J. Santucci is of a deceptive and misleading nature as the signatures indicated compliance with 204 Pa. Code § 213.81 despite factual lack of compliance.

9

53. Midland Funding therefore employed false, deceptive, and misleading representations or means upon falsely indicating compliance with 204 Pa. Code § 213.81 despite an evident lack thereof in violation of 15 U.S.C § 1692e of the FDCPA.

54. Midland Funding therefore utilized false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C § 1692e(10) of the FDCPA.

55. Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

56. Here, the only natural consequence of Midland Funding's acts of willfully publishing financial source documents associated with Plaintiff was to harass, oppress, or abuse Plaintiff.

57. As such, Midland Funding's conduct, as set forth above, violated 15 U.S.C.A § 1692d of the FDCPA.

58. Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C § 1692k(a) of the FDCPA.

59. As a direct and proximate result of Midland Funding's violations of the FDCPA, as set forth above, Plaintiff has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

## COUNT II
### VIOLATIONS OF THE FDCPA
### 15 U.S.C §§ 1692f, 1692f(8), & 1692(d)

60. Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

61. The FDCPA was created to combat the "use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C § 1692a of the FDCPA. The "[A]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to *invasions of individual privacy*." (emphasis added). *Id*.

62. The FDCPA prohibits the use of unfair or unconscionable means in collection or attempted collection of any debt. 15 U.S.C § 1692f of the FDCPA.

63. The Third Circuit has held that the FDCPA protects consumers' identifying information and disclosure of account numbers constitutes the use of impermissible language or symbols under 15 U.S.C § 1692f(8) of the FDCPA. *Douglass v. Convergent Collections*, 765 F.3d 299, 306 (3d. Cir. 2014).

64. The Third Circuit found an account number akin to "a piece of information capable of identifying Douglass as a debtor" and identified the disclosure of such as possessing "the potential to cause harm to a consumer that the FDCPA was enacted to address." *Id*.

65. Furthermore, the Third Circuit found the FDCPA to proscribe, under 15 U.S.C § 1692f(8), the employment of potentially harassing and embarrassing language and also of consumers' identifying information. *Id*. at 306.

66. Section 1692f of the FDCPA provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C § 1692f of the FDCPA.

67. On or about October 28, 2019, Midland Funding, filed its complaint with accompanying exhibits in the abovementioned Court of Common Pleas of Centre County. See Exhibit "A".

68. The supporting exhibits to the complaint contained confidential financial source documents in the form of credit card statements pertaining to an alleged debt.

69. The credit card statements indicated the accrual of alleged debts and attributed the alleged debt to Plaintiff.

70. The credit card statements contained within the respective exhibits identified Plaintiff as an alleged debtor. See Exhibit "A".

71. Midland Funding failed to redact the identifying information contained within these statements and therefore published information capable of identifying Plaintiff as an alleged debtor to the public. See Exhibit "A"

72. Midland Funding failed to redact the confidential information contained within these statements and thus exposed the confidential information associated with the alleged debt to the public. See Exhibit "A"

73. Midland Funding failed to employ and file contemporaneously the proper documentation necessary to shield the Financial Source documentation, and the confidential information contained therein, from public access through electronic or physical means. See Exhibit "A".

74. Section 204 Pa. Code § 213.81 recognizes documents and information of this type as confidential in nature sufficient to warrant statutory protections.

75. Further, Section 204 Pa. Code § 213.81 mandates confidentiality measures to protect the release of such documents and information to the public.

76. Midland Funding failed to file a Confidential Document Form as required by 204 Pa. Code § 213.81 to shield the confidential documents and information contained within the exhibits from public exposure. See Exhibit "A".

77. Midland Funding failed to take any measures, redaction or otherwise, to protect the release of personal and confidential information associated with Beth Rule or Ann Davis to the public. See Exhibit "A".

78. Following, *Douglass v. Convergent Collections*, 765 F.3d 299, 306 (3d. Cir. 2014) the disclosure of confidential information capable of identifying an individual as an alleged debtor constitutes impermissible language or symbols sufficient for liability under 15 U.S.C § 1692f(8) of the FDCPA.

79. Upon publishing financial source documents containing information capable of identifying Ann Davis as an alleged debtor, Midland Funding utilized impermissible language or symbols in the attempted collection of an alleged debt and therefore violated 15 U.S.C § 1692f(8) of the FDCPA.

80. The FDCPA was created to proscribe abusive, deceptive, and unfair debt collection activities of precisely this type. 15 U.S.C § 1692a of the FDCPA.

81. The disclosure of credit card statements associated with Ann Davis further constituted unfair or unconscionable means to collect or attempt to collect any debt as the publishing of this information is inherently harassing and embarrassing in nature.

82. Therefore, upon releasing confidential information associated with Ann Davis, Midland Funding further utilized unfair and unconscionable means in connection with the collection of any debt and thereby violated 15 U.S.C. § 1692f of the FDCPA.

83. Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

84. Here, the only natural consequence of Midland Funding's acts of willfully disclosing confidential information associated with Ann Davis was to harass, oppress, or abuse Plaintiff.

85. As such, Midland Funding's conduct, as set forth above, violated 15 U.S.C.A § 1692d of the FDCPA.

86. Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C § 1692k(a) of the FDCPA.

87. As a direct and proximate result of Midland Funding's violations of the FDCPA, as set forth above, Plaintiff has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

## COUNT III
## PERMANENT INJUNCTION ORDERING
## MIDLAND FUNDING, LLC TO CURE THE ONGOING
## EXPOSURE OF ANN DAVIS' CONFIDENTIAL INFORMATION

88. Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

89. In order to establish a claim for a permanent injunction, the party must establish his or her clear right to relief. *Buffalo Twp. v. Jones*, 571 Pa. 637, 813 A.2d 659 (2002).

90. The party need not establish either irreparable harm or immediate relief and a court "may issue a final injunction if such relief is necessary to prevent a legal wrong for which there is no adequate redress at law." *Berwick Twp. v. O'Brien*, 148 A.3d 872, 891 (Pa. Commw. Ct. 2016) citing *Buffalo Twp.* at 663.

91. A party must also show greater injury will result from refusing rather than granting the relief requested. *Berwick Twp. v. O'Brien*, 148 A.3d 872, 891 (Pa. Commw. Ct. 2016).

92. In the case at hand, Plaintiff possesses clear rights to relief through §§ 1692d, 1692e, 1692e(10), 1692f, 1692f(8), and 1692k of the FDCPA.

93. Midland Funding employed false and misleading affirmative representations in clear violation of the FDCPA by falsely certifying compliance with 204 Pa. Code 213 while willfully failing to comply with said statute.

94. This false certification constituted a false and misleading representation in connection with the collection of any debt thus violating §§ 1692e, 1692e(10), and 1692d of the FDCPA.

15

95. The course of conduct begetting the lack of compliance culminated in the publishing of confidential information associated with Ann Davis capable of identifying her as an alleged debtor.

96. The exposure of such information ultimately constituted an unconscionable mean in connection with the collection of any debt and constituted the use of impermissible symbols following *Douglass v. Convergent Collections*, 765 F.3d 299, 306 (3d. Cir. 2014) in violation of §§ 1692d, 1692f, and 1692f(8) of the FDCPA.

97. In the case at hand, a permanent injunction is necessary to prevent the legal wrongdoing of Midland Funding.

98. As it stands, confidential information contained within the financial source documents has been published to the public at large.

99. These documents, and subsequently the information therein, are available for public access at any given time.

100. These documents can be utilized for a variety of purposes which all result in harm befalling Ann Davis and said harm ranges from emotional distress to identity theft to an endless number of other circumstances.

101. No adequate redress at law exists outside curing the exposure of confidential information as nothing short of the requested cure will protect Ann Davis' and Plaintiff Class' confidential information and mitigate the currently endless exposure.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Ann Davis, on their own behalf and on behalf of the class members respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against Defendant, Midland Funding, LLC, as follows:

A. Declaring this action a proper class action, certifying the classes as requested herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as Class Counsel;

B. Ordering Defendant to pay actual, consequential, statutory, and/or punitive damages to Plaintiff and the class members, including restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the class members as a result of Defendant's unlawful conduct;

C. Ordering declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful conduct as set forth herein;

D. Ordering injunctive relief as permitted by law or equity, including ordering Defendant to cure the ongoing and currently endless exposure of Plaintiff's confidential information;

E. Ordering Defendant to pay attorney's fees and litigation costs to Plaintiff and the other members of the class;

F. Ordering Defendants to pay both pre- and post-judgment interest on any amounts awarded; and

G. Ordering such other and further relief as may be just and proper

## JURY DEMAND

Plaintiff respectfully demands a jury on all matters so triable.

                                            Respectfully submitted,

                                        **THE LAW FIRM OF FENTERS WARD**

Date: October 14, 2020                    By: _____
                                          Joshua P. Ward (Pa. I.D. No. 320347)
                                          Kyle H. Steenland (Pa. I.D. No. 327786)

                                          The Law Firm of Fenters Ward
                                          The Rubicon Building
                                          201 South Highland Avenue
                                          Suite 201
                                          Pittsburgh, PA 15206

                                          Counsel for Plaintiff